IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCO LEON AND ANA CALDERON, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | | Civil Action No. |
| § | | |
| ALLSTATE FIRE AND CASUALTY § | | |
| INSURANCE COMPANY, § | | |
| § | | JURY |
| Defendant. § | | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY gives notice and hereby removes this action from the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show unto the Court the following:

### I. INTRODUCTION

1. On September 19, 2022, Plaintiffs MARCO LEON AND ANA CALDERON (hereinafter "Plaintiffs") filed Plaintiffs' Original Petition (hereinafter "Petition") in Dallas County, Texas, under Cause No. CC-22-05237-C; *MARCO LEON AND ANA CALDERON v. DIONISIO FLORES SEGOVIA AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (INCORRECTLY SUED AS ALLSTATE COUNTY MUTUAL INSURANCE COMPANY);* in County Court at Law No. 3 of Dallas County, Texas. (the "State Court Action").

2. Plaintiff's lawsuit concerns a motor vehicle accident that occurred in Dallas County, Texas on December 16, 2021 (Pls.' Original Pet. ¶ 8). Plaintiff's petition asserts claims for underinsured motorist coverage related to damages from the above-referenced motor vehicle accident for past and future medical expenses, physical pain, mental anguish, physical impairment,

disfigurement, and loss of earning capacity (Pls.' Original Pet. ¶ 13). Plaintiff also seeks relief and attorney's fees under Texas Civil Practice Remedies Code Chapter 37 (Pls.' Original Pet. ¶ 13).

3. Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b)(3). Specifically, this removal is within 30 days of Codefendant DIONISIO FLORES SEGOVIA both being nonsuited by Plaintiffs and the order being signed by the State court. The nonsuit was filed on 3-10-2023 and the order of nonsuit was signed on 3-30-2023 (Pls.' Notice of Nonsuit, March 10, 2023; Order Granting Pls.' Notice of Nonsuit; March 30, 2023). These documents eliminate Codefendant Segovia as a party of the lawsuit and allow for complete diversity to exist and removal to become available under 28 U.S.C. §1446(b)(3). Additionally, it has been less than 1 year after commencement of this action so there is no conflict with 28 U.S.C. §1446(c)(1).

4. Defendant would note that Plaintiff Marco Leon and Defendant have settled Plaintiff Leon's claims in this matter, but the nonsuit of those claims had not yet been filed at the time of this removal.

## II. PROCEDURAL REQUIREMENTS

5. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(a)(1).

6. Pursuant to LR 81.1, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the court in the State Court Action including all process, pleadings, and orders served that were available for download from that court's website.

7.  Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).

8.  Included in this filing is Defendant's *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, **Exhibit E**.

9.  Also included in this filing is a List of All Counsel of Record, **Exhibit F**.

### III. BASIS FOR REMOVAL

10. Removal is proper in this case due to complete diversity.

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A. Diversity**

12. Plaintiffs are citizens of the State of Texas and domiciled in Texas as well.

13. Defendant is incorporated in the state of Illinois and its principal place of business is in that state. Therefore, the parties are completely diverse.

14. Codefendant Segovia is no longer a party to this lawsuit so their citizenship is no longer a factor.

**B.  Amount in Controversy**

15. Plaintiff's Original Petition declares that Plaintiff is seeking damages over $250,000.00 but not more than $1,000,000.00 (Pls.' Original Pet. ¶ 20).

16. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00 required by 28 U.S.C. § 1332(a).

## IV. PRAYER

WHEREFORE, Defendant removes the State Court Action from County Court at Law No. 3 in Dallas County to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LISA CHASTAIN & ASSOCIATES


/s/ Young C. Jenkins

**YOUNG C. JENKINS**
TBN: 24034505

P.O. Box 655441
Dallas, TX 75265
DallasLegal@allstate.com
(214) 659-4346
(877) 678-4763 (fax)

ATTORNEY FOR DEFENDANT(S)
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure to all Counsel of Record on April 8, 2023 to:



/s/ Young C. Jenkins

**YOUNG C. JENKINS**